UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cr-00125-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **ALAN F. LUBOFF,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's Motion to Dismiss based on improper venue. Having considered defendant's motion and reviewed the pleadings, the Court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

### I. Background

Defendant is charged in the Superseding Bill of Indictment (#16) with one count of wire fraud in violation of 18 U.S.C. § 1343 (Count One) and two counts of transactional money laundering in violation of 18 U.S.C. § 1957(a) (Counts Two and Three). In support of his Motion to Dismiss, defendant contends that venue is not properly laid in this district.

Concerning venue, the charging instrument asserts venue in the Western District of North Carolina, and provides that defendant allegedly sent victim S.F. (a resident of Cornelius, North Carolina) an email on or about January 25, 2016, while S.F. was in this District. It is further alleged that such email contained false representations about a proposed business transaction, including that it would result in a profit to S.F. of $20,000 within one week. (Id. at ¶¶ 3, 4 & 10). After receiving the email, S.F. purportedly wired $131,400 from this District to defendant's

1

business "Triple Play Sales" in Florida. (Id. at ¶¶ 5 & 10). It is also alleged that defendant falsely represented to S.F. (while S.F. was in this District) that he was going to contribute $30,000 of his own money to complete the transaction. (Id. at ¶¶ 3, 4 & 10).

After receiving S.F.'s money, the Grand jury alleges that defendant did not use it as promised, but instead used it to pay unrelated business and personal expenses, including the two transactions constituting the transactional money laundering charged in Counts Two and Three. (Id. at ¶¶ 6 & 12). When S.F. confronted defendant about his failure to return S.F.'s principal and income from the transaction, defendant allegedly made a series of misrepresentations to S.F. transmitted via electronic communications to this District to keep S.F. from taking action to recover his money. (Id. at ¶¶ 7 & 10). Further, it is alleged that when S.F. confronted defendant about these misrepresentations, defendant admitted to S.F. during a telephone call (while S.F. was in this District), that he "f*cked up" and subsequently sent a few lulling payments to S.F. into this District. (Id. at ¶ 8).

## II. Venue

A federal criminal defendant is entitled to be tried in the federal district where the alleged crime was committed. U.S. Const. art. III, § 2, cl. 3; U.S. Const. amend. VI; Fed.R.Crim.P. 18. Determining proper venue protects the accused "from the inconvenience and prejudice of prosecution in a far-flung district bearing no connection to their [alleged] offenses." United States v. Smith, 452 F.3d 323, 334 (4th Cir. 2006). Venue "is not a substantive element of a crime," United States v. Griley, 814 F.2d 967, 973 (4th Cir.1987), but instead "is similar in nature to a jurisdictional element," United States v. Johnson, 510 F.3d 521, 527 (4th Cir. 2007).

Typically, the question of venue is one for the jury, but need only be proven by a preponderance of the evidence. United States v. Burns, 990 F.2d 1426, 1436 (4th Cir. 1993).

However, a defendant, as defendant has herein done, must challenge venue in advance of trial if the asserted venue defect is apparent on the face of the indictment. United States v. Collins, 372 F.3d 629, 633 (4th Cir. 2004). Here, defendant attempts to provide facts outside the charging document by way of affidavit. When a motion to dismiss for improper venue is a pretrial motion under Rule 12, "only the indictment may be considered. Evidence beyond the face of the indictment should not be considered." United States v. Engle, 676 F.3d 405, 415 & n.6 (4th Cir. 2012) (quoting United States v. Forrest, 182. F.3d 910 (4th Cir. 1999) (per curiam)).

### III. Discussion

After considering the arguments of defendant and the government, the Court finds that venue lies as to each count. United States v. Bowens, 224 F.3d 302, 308 (4th Cir. 2000). When the essential elements of conduct as to each conduct are compared to the allegations of the Superseding Indictment, it is readily apparent that defendant committed acts in the Western District of North Carolina that furthered the crimes charged.

As to Count One, which alleged wire fraud, the Superseding Indictment is replete with alleged acts supporting the charge that occurred in this district. The victim of the alleged wire fraud was located in this district and defendant allegedly contacted the victim in this district on multiple occasions via electronic communications in furtherance of the alleged offense. Further, defendant allegedly sent the victim lulling payments as part of the alleged scheme to defraud. United States v. Georgiadis, 819 F.3d 4, 12 (1st Cir. 2016).

As to Counts Two and Three, which allege money laundering, venue is also properly laid in this district. While United States v. Cabrales, 524 U.S. 1 (1998) interprets the general venue provisions of 18 U.S.C. § 3237(a), that provision applies "[e]xcept as otherwise expressly provided by enactment of Congress." 18 U.S.C. §3237(a). Congress has, in response to Cabrales, so

3

expressly provided by amending the money laundering statutes to include broader venue provisions in Section 1956(i), as follows:

> a prosecution for an offense under … section 1957 may be brought in— (B) any district where a prosecution for the underlying specified unlawful activity could be brought, if the defendant participated in the transfer of the proceeds of the specified unlawful activity from that district to the district where the financial or monetary transaction is conducted. … (3) For purposes of this section, a transfer of funds from 1 place to another, by wire or any other means, shall constitute a single, continuing transaction. Any person who conducts (as that term is defined in subsection (c)(2)) any portion of the transaction may be charged in any district in which the transaction takes place.

18 U.S.C. § 1956(i). Section 1956(i) now expressly provides for venue over Section 1957 charges in any district where the underlying specified unlawful activity could be prosecuted if, as is the case as alleged here, the defendant participated in any way in transferring the funds out of that district. Thus, venue is properly laid in this district on Counts Two and Three.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss (#25) is **DENIED**.

Signed: January 18, 2018

Max O. Cogburn Jr.
United States District Judge