UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-CR-00125-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **ALAN F. LUBOFF,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on third-party movant Austin Luboff's renewed Motion to Exonerate and Disburse Bond. For cause, the third-party states that the defendant has now satisfied all the appearance conditions which the cash bond of $5,000 secured and now seeks return of the funds which were deposited in the United States Court for the Southern District of Florida.

While the motion reflects that the government does not oppose the relief sought under Rule 46, an additional step is required by law where, as here, restitution in the amount of $122,000 has been ordered in the Judgment.[1] Even after defendant has satisfied his appearance obligations, the law requires that

> any money belonging to and deposited by or on behalf of the defendant with the court for the purposes of a criminal appearance bail bond (trial or appeal) [is] to be held and paid over to the United States attorney to be applied to the payment of any assessment, fine, restitution, or penalty imposed upon the defendant.

28 U.S.C. § 2044. Although that provision goes on to provide that the section shall not apply to "any third party surety," this third-party is not a "surety," which is a person who provides only a

---

[1] If applicable, such funds could also be used to pay the $100 assessment.

1

promise to pay. Instead, the third-party here posted a cash bond of $5,000 to secure defendant's release. Thus, the statutory exception is inapplicable in this situation.

Review of the remaining language of the statute is, therefore, required to determine whether a cash bond posted by a third person must be used to pay restitution. Applying rules governing sentence structure, the phrase "any money belonging to and deposited by or on behalf of the defendant" can only mean that it is the money *of the defendant* that is subject to offset. Put another way, if the third-party here was a conduit for posting defendant's own money as bond, that money would be subject to Section 2044 offset. While the Court would have preferred an affidavit from the third-party concerning ownership of the funds, it appears that the deposited funds belong to the third-party inasmuch as the third-party is seeking the return of funds to him personally at his own address. Further, the earlier filed pro se motion by the third-party includes a claim that he is the owner of the funds.

Finding that the conditions of release have been fully satisfied, that such funds are not subject to offset under Section 2044, and that the government agrees to the return, the Court will exonerate the bond and Order the return in accordance with Rule 46, Fed.R.Crim.P.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's renewed Motion to Exonerate and Disburse Bond (#54) is **GRANTED**, and the Bond (#9) is **EXONERATED.** The Clerk of Court is directed to return such funds to the depositor, Austin Michael Luboff, 5122 Heron Court, Coconut Creek, Florida 33073.

If such funds are held by the Southern District of Florida, the Clerk of Court is directed to transmit a copy of this Order to the Clerk of Court for the South District of Florida, in reference to that district's Case No. 17-6155-SELTZER.

Signed: December 21, 2018

Max O. Cogburn Jr
United States District Judge